UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>HAWAIIAN TELCOM<br>COMMUNICATIONS, INC.,<br><br>　　　　　Debtor. | Case No. 08-02005<br>Chapter 11 |
| SHULTS & TAMM, A LAW<br>CORPORATION, LITIGATION<br>TRUSTEE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL T. BROWN,<br><br>　　　　　Defendant. | Adv. Pro. No. 11-90011<br><br><br><br><br>Re: Docket No. 50 |

## MEMORANDUM CONCERNING DEFENDANT'S MOTION TO RECONSIDER

This is an adversary proceeding in bankruptcy, Fed. R. Bankr. P. 7001(1), in which Plaintiff, as litigation trustee pursuant to Debtor's confirmed chapter 11 plan of reorganization, seeks to recover allegedly avoidable transfers made by Debtor to Defendant, Michael T. Brown, pursuant to sections 547 (preferences), 548 (fraudulent conveyances), and 549 (postpetition transfers) of the Bankruptcy

Code and section 651C of the Hawaii Revised Statutes (state law fraudulent conveyances).

On January 30, 2012, the court entered an order granting Plaintiff's motion for partial summary judgment, and denying Defendant's countermotion for partial summary judgment, as to Count III of the Complaint. Dkt. no. 43, 44. Defendant then moved for reconsideration of the order on February 13, 2012. Dkt. no. 50. Thereafter, Defendant appealed the order. Dkt. no. 53. Defendant requests the motion for reconsideration be granted, *inter alia*, so that Defendant may conduct further discovery on the issue of materiality as applied to the Countryman test for determining whether the Employment Agreement was an executory contract. Plaintiff opposed the motion to reconsider. Dkt. no. 69.

The reconsideration motion was heard on March 22, 2012. Gregory W. Kugle, Esq., and Noelle B. Catalan, Esq., Damon Key Leong, Kupchak, & Hastert, appeared on behalf of Defendant Michael T. Brown, in support of the motion. Christopher Muzzi, Esq., and Leila Sullivan, Esq., Moseley Biehl Tsugawa Lau & Muzzi, appeared on behalf of Plaintiff, in opposition to the motion.

The motion to reconsider was docketed prior to Defendant's appeal. Accordingly, the court has jurisdiction to consider the motion. Fed. R. Bankr. P. 8002.

U.S. Bankruptcy Court - Hawaii   #11-90011   Dkt # 80   Filed 04/02/12   Page 2 of 4

The Ninth Circuit adopted the "Countryman" test to determine whether or not a contract is "executory", for bankruptcy purposes. Under this test, a contract is executory if, when the bankruptcy petition is filed, "the obligations of both parties are so unperformed that the failure of either party to complete performance would constitute a material breach and thus excuse the performance of the other." Unsecured Creditors' Committee v. Southmark Corp. (In re Robert L. Helms Constr. & Dev. Co.), 139 F.3d 702, 705 (9th Cir. 1998) (quoting Griffel v. Murphy (In re Wegner), 839 F.2d 533, 536 (9th Cir. 1988). The issue of materiality in this case is focused on Defendant's negative obligations of non-competition and non-solicitation, in conjunction with the affirmative obligation to safeguard confidential information. If, as Defendant argues, these provisions rise to the level of material future performance, the Employment Agreement would be an executory contract. If, however, these provisions do not rise to the level of materiality, as Plaintiff contends, the Employment Agreement would not be an executory contract. The issue of materiality is thus central to the resolution of this issue for both parties.

Defendant should be given sufficient opportunity to fully explore and brief the issue of materiality for the purposes of the Countryman test. On order will be

3

U.S. Bankruptcy Court - Hawaii   #11-90011   Dkt # 80   Filed 04/02/12   Page 3 of 4

entered granting Defendant's motion to reconsider to allow Defendant to conduct further discovery on the issue of materiality, for purposes of Count III.

Unless otherwise ordered, the May 25, 2012, discovery cutoff and the June 25, 2012, trial date, are not affected by this order. Those dates were fixed by the scheduling order (dkt. no. 10), entered on March 20, 2011.

Dated: Honolulu, Hawaii, _____APR ? 2012_____.

/s/ Lloyd King
Lloyd King
United States Bankruptcy Judge